IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE E. McCORMICK,**

      **Plaintiff,**

 vs.              No. 03-2630-GTV

**SUSAN HADL, MICHAEL MONROE,
and DENNIS JOHNSTON,**

      **Defendants.**

## MEMORANDUM AND ORDER

This case is before the court on the objection (Doc. 35) filed by Plaintiff to the order of Magistrate Judge O'Hara which denied as untimely a motion to compel discovery (Doc. 31) filed by Plaintiff. Because the order of the Magistrate Judge involves a nondispositive matter, the standard of review is whether the order is clearly erroneous or contrary to law. Fed. R. Civ. P.72(a).

Although Plaintiff is not specific as to the subjects of his motion to compel, it appears to the court that he sought to compel discovery of the social security numbers and home addresses ot the defendant police officers, and copies of tapes of calls to the Lawrence Police Department emergency number 911 made by one Yasmin Haque[1] prior to November 2001 and after December 2001.

The court concludes that the order of Magistrate Judge O'Hara was not clearly erroneous or contrary to law. The magistrate judge was correct in finding that Plaintiff's

---

[1] Yasmin Haque is alleged to be a person who complained of being harassed by Plaintiff.

motion to compel was not timely filed. The record in the case discloses that on December 6, 2004, the defendant Hadl answered the interrogatories which are a part of the subject of Plaintiff's motion to compel, and the rest of the discovery responses involved were made on January 12, 2005. Plaintiff, who is presently incarcerated in the Kansas correctional facility at Hutchinson, placed his motion to compel in the prison mail system on February 16, 2005. The court will consider that date the effective filing date of the motion, but even so, it is beyond the 30-day time fixed by D. Kan. Rule 37.1(b) for the filing of a motion to compel discovery. Magistrate Judge O'Hara was correct in denying the motion to compel as untimely.

Even if the motion to compel is construed as timely filed, it would not be clearly erroneous to deny it. Plaintiff states that his need for the social security numbers and home addresses of the defendant police officers is necessary because he runs credit histories and background checks on all defendants in his cases. In this case, where Plaintiff's claim is based upon an alleged illegal search of his automobile, the court is of the opinion that the discovery of such personal and sensitive information is not likely to lead to the discovery of admissible evidence and is of doubtful relevance to Plaintiff's claims.

The court notes that Defendants have produced copies of the 911 tapes for November and December 2001, but Plaintiff seeks discovery of tapes both before and after that period of time. The court considers the request for the production of the 911 tapes for the extensive periods of time both prior to and subsequent to the incident which is the basis for the claims of Plaintiff unlikely to lead to the discovery of admissible evidence.

Plaintiff asserts that the tapes are necessary to show the bias of Haque and the police department against him.  But once again, these materials appear to be of doubtful relevance, and it would not be clearly erroneous to refuse to compel their discovery.

       IT IS THEREFORE BY THE COURT ORDERED, that Plaintiff's objection (Doc. 35) to the order of the magistrate judge is overruled and denied.

       The clerk is directed to transmit copies or notices of this order to the pro se Plaintiff and to counsel of record.

       BY THE COURT IT IS SO ORDERED.

       Dated at Kansas City, Kansas, April 28, 2005.

       <u>/s/ G. T. VanBebber</u>
       G. Thomas VanBebber
       United States Senior District Judge