# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE E. MCCORMICK,                )
                                  )
           Plaintiff,             )
                                  )
v.                                )      Case No. 03-2630
                                  )
SUSAN HADL et al.,                )
                                  )
           Defendants.            )
_____)

## MEMORANDUM AND ORDER

Dale E. McCormick filed suit under 42 U.S.C. § 1983, alleging constitutional violations arising out of an automobile search by police officer Susan Hadl and others in Lawrence, Kansas. On July 8, 2005, the jury returned a verdict in favor of defendants. See Verdict (Doc. #63), at 1–2. The same day, the Court entered judgment. Judgment In A Civil Case (Doc. #64). This matter comes before the Court on plaintiff's motion for new trial pursuant to Rule 59, Fed. R. Civ. P. For the reasons set forth below, plaintiff's motion is overruled.

Plaintiff asserts that his brother possesses a videotape which proves that Hadl gave false testimony when she explained why she searched plaintiff's vehicle, *i.e.* because she noticed papers strewn about the interior. Other defense witnesses offered similar testimony regarding the interior of plaintiff's car. Plaintiff claims that the videotape, which he purportedly made on December 14, 2001 while returning to his vehicle after officers released him from jail, shows that his vehicle contained little debris and no papers strewn about. He claims that the videotape clearly indicates that defendants "perpetrated a fraud upon the Court and the judicial process" by falsely testifying to a material issue. Motion For New Trial (Doc. #66), filed July 22, 2005.

Plaintiff argues that the videotape entitles him to a new trial under Rule 59.

The decision to grant a motion for new trial is committed to the trial court's sound discretion. See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997). A party seeking a new trial under Rule 59 based on newly discovered evidence must show that "(1) the evidence was discovered since the trial; (2) the party was diligent in discovering the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence probably would have produced a different result at trial." Joseph v. Terminix Int'l Co., 17 F.3d 1282, 1285 (10th Cir. 1994) (internal quotations omitted); see also 11 Wright, Miller & Kane, Federal Practice and Procedure § 2808, at 86–94 (2d ed. 1995) (explaining burden on movant to prevail on motion for new trial under Rule 59).

Plaintiff's motion for a new trial is without merit, primarily because the videotape is not newly discovered evidence. Plaintiff did not newly discover the videotape; he made it in late 2001. Several months before trial, plaintiff knew that Hadl had cited "papers in disarray strewn about [the car's] interior" as a ground for searching his vehicle. See Statement Of Material Facts, Memorandum In Support Of [Defendants'] Motion For Summary Judgment (Doc. #37) at ¶¶ 67–68, filed March 18, 2005. Plaintiff has not explained why he did not offer the videotape at trial, if it indeed contained relevant impeachment evidence as to Hadl and her co-defendants. Moreover, the Court has no reason to believe that the videotape would have caused the jury to return a different verdict. Plaintiff's motion for new trial based on newly discovered evidence is therefore overruled.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For New Trial (Doc. #66), filed July 22, 2005, be and hereby is OVERRULED.

Dated this 4th day of October, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
