# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DALE E. MCCORMICK,**     )<br>                                          )<br>            **Plaintiff,**     )<br>                                          )<br>   v.                                 )<br>                                          )<br>**SUSAN HADL et al.,**     )<br>                                          )<br>            **Defendants.**   )<br>_____) | **CIVIL ACTION**<br><br>**Case No. 03-2630** |

## MEMORANDUM AND ORDER

Dale E. McCormick filed suit under 42 U.S.C. § 1983, alleging constitutional violations arising out of an automobile search by police officer Susan Hadl and others in Lawrence, Kansas. Defendants prevailed at trial, see Verdict (Doc. #63), at 1–2 and Judgment In A Civil Case (Doc. #64) filed July 8, 2005, after which plaintiff filed a motion for new trial (Doc. #66). Plaintiff argued that he possessed videotape evidence which showed that defendants offered false testimony on Hadl's justification for searching his vehicle. The Court addressed the motion under Rule 59, Fed. R. Civ. P., and overruled plaintiff's motion because the videotape evidence was not newly discovered and plaintiff could have offered it at trial. Memorandum And Order (Doc. #68) filed October 4, 2005. This matter comes before the Court on plaintiff's Notice Regarding "Motion For New Trial" (Doc. #69) filed October 24, 2005, which the Court construes as a motion for reconsideration. For the reasons set forth below, plaintiff's motion is overruled.

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is not a second opportunity for the losing party

to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). These factors are not present here. Plaintiff has not cited any newly discovered evidence, nor has he demonstrated an intervening change in the law. Plaintiff clarifies that the videotape was not offered as newly discovered evidence but as evidence that "defendants gave material testimony at trial . . . that was false, knowingly doing so, thereby perpetrating a fraud on the Court, plaintiff, and the judicial process." Notice Regarding "Motion For New Trial" (Doc. #69) at 2. Plaintiff argues that his motion was actually brought pursuant to Rule 60(b)(3), Fed. R. Civ. P.

Rule 60(b)(3) permits a district court to vacate or modify its judgment due to fraud, misrepresentation or other misconduct of an adverse party. Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003) (citations omitted). Furthermore, a Rule 60(b) motion is not an opportunity to consider arguments or facts that were available for presentation in the underlying proceedings. Wells v. Atrium Retirement Home, 316 F. Supp. 2d 956, 959 (D. Kan. 2003) (citing Nutter v. Wefald, 885 F. Supp. 1445, 1450 (D. Kan. 1995)). As the Court noted in overruling plaintiff's motion for new trial, plaintiff made the videotape in late 2001 and knew several months before trial that Hadl had cited the condition of his car as justification for her search. See Memorandum

2

And Order (Doc. #68) at 2. If the videotape indeed contained relevant evidence, plaintiff had ample opportunity to present it at trial. Rule 60(b) is not an avenue to offer evidence that clearly existed, and of which plaintiff was aware, well before trial. The Court therefore overrules plaintiff's motion for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's Notice Regarding "Motion For New Trial" (Doc. #69) filed October 24, 2005, which the Court construes as a motion for reconsideration, be and hereby is OVERRULED.

Dated this 2nd day of November, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

3